UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DALE WILLIAM GILLEY, JR.,                    ) | |
| )  | |
| Petitioner              ) | |
| )  | |
| v.                                                         ) | Case No. 5:12-cv-03919-SLB-HGD |
| )  | |
| CARTER DAVENPORT and                    ) | |
| THE ATTORNEY GENERAL OF         ) | |
| THE STATE OF ALABAMA,                  ) | |
| )  | |
| Respondents         ) | |

**MEMORANDUM OPINION**

On November 28, 2012, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. On December 3, 2012, petitioner filed objections to the magistrate judge's report and recommendation.

Petitioner first objects that the magistrate judge entered his report and recommendation prematurely, before petitioner had mailed an authorization form allowing the magistrate judge to consider his habeas corpus petition, thereby depriving him of jurisdiction to enter a report and recommendation. Under Local Rule 72.1(a)(3), "[a] magistrate judge of the court may be designated to hear and determine any pretrial matter pending before the court" including "[h]abeas corpus petitions filed by state prisoners under 28 U.S.C. 2254 or by federal prisoners under

28 U.S.C. 2241." "In connection with such matters, the magistrate judge is expressly authorized to issue orders to show cause and other necessary orders or writs to obtain a complete record." LR 72.1(a)(3)(A). Magistrate judges also may be designated to hear "[o]riginal complaints by prisoners or detainees for the deprivation of constitutional rights." LR 72.1(a)(3)(D). *See also* Order filed in the United States District Court for the Northern District of Alabama on October 1, 1990 ("In accordance with the Rules Governing Jurisdiction of Authority of United States Magistrates promulgated by this Court it is hereby ORDERED that the following matters are referred to the full-time United States Magistrates without the necessity of a specific order of reference: . . . . (3) All those matters under the heading 'Prisoner Petitions' enumerated in Rule 2(a)(4) of the Rules Governing Jurisdiction of Authority of United States Magistrates; . . ."); Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b). With respect to any dispositive motion on which the magistrate judge issues a report and recommendation, petitioner retains a right of review by the district judge assigned to this case, if review is sought within fourteen (14) days of the ruling, under a *de novo* standard. *Id.* Because petitioner's consent to the jurisdiction of the magistrate judge to enter a report and recommendation is not required, the magistrate judge had jurisdiction to enter the report and recommendation.

Petitioner also contends that he mailed with the authorization form a document that he filed with the appropriate court of appeals seeking permission to file a second

or successive habeas corpus petition. The court has not received the documents petitioner claims to have mailed. Further, the mere fact that petitioner has sought permission from the Eleventh Circuit to file a second or successive habeas corpus petition is not relevant; he must have actually received such permission. There is no indication that Gilley has received such permission from the Eleventh Circuit.

After careful consideration of the record in this case and the magistrate judge's report and recommendation and the petitioner's objections thereto, the court hereby **ADOPTS** the report of the magistrate judge. The court further **ACCEPTS** the recommendations of the magistrate judge that the petition for writ of habeas corpus be dismissed.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 3rd day of January, 2013.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE